HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
LAUREN COLLINS (Bar No. 240173)
(E-Mail: Lauren_Collins@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-3806
Facsimile: (213) 894-0310

SAIVANDANA PETERSON (Bar No. 320265)
(E-Mail: Vandana_Peterson@fd.org)
Deputy Federal Public Defender
411 West Fourth Street Suite 7110
Santa Ana, CA 92701
Telephone: (714) 338-4500
Facsimile: (714) 338-4520
*Attorneys for Petitioner*

XAVIER BECERRA
Attorney General of California
HOLLY WILKENS
Supervising Deputy Attorney General
RONALD JAKOB
Deputy Attorney General (Bar No. 131763)
ANNIE FEATHERMAN FRASER (Bar No. 144662)
Deputy Attorney General
600 West Broadway Suite 1800
San Diego, CA 92101
Telephone: (619) 738-9137
Facsimile: (619) 645-2191
E-Mail: Annie.Fraser@doj.ca.gov
*Attorneys for Respondent*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ERIC WAYNE BENNETT, | No. CV 18-07524-MWF |
| Petitioner, | **<u>DEATH PENALTY CASE</u>** |
| v. | **JOINT STATEMENT ON EXHAUSTION** |
| RONALD DAVIS, Warden, California State Prison at San Quentin, | |
| Respondent. | |

The parties, by and through their counsel of record, Deputy Federal Public Defenders Lauren Collins and Saivandana Peterson, and Deputy Attorney General Annie Featherman Fraser, submit this Joint Statement pursuant to the Court's Initial Case Management Order, dated December 10, 2018 (Dkt. No. 10).

## JOINT STATEMENT OF THE PARTIES

The parties have met and conferred by email and telephone on their respective positions regarding the exhaustion status of all the claims contained in the Petition for Writ of Habeas Corpus (hereafter "Petition") filed August 7, 2019. As provided by Local Rule 83-17.7(c), this joint statement identifies: (1) claims the parties agree are unexhausted; (2) claims the parties agree are exhausted; and (3) sets forth the parties' respective positions on the subclaim on which the parties disagree regarding exhaustion. Pursuant to the Court's Order (dkt. no. 10), following this Court's ruling on exhaustion, Petitioner intends to request a stay-and-abeyance pending exhaustion of state remedies *Rhines v. Weber*, 544 U.S. 269 (2005).

## STIPULATION OF THE PARTIES

1.  The parties stipulate that the following claims are fully exhausted: 1, 4, 5, 7, 9, 10, 11, 12, 13, 15, 16, 18, and 22.

2.  The parties stipulate that the following claims are unexhausted: 20, 21, and 25.

3.  The parties stipulate that the following claims are partially unexhausted, as specified:

    - Claim 3.E.5 alleging ineffective assistance of trial counsel ("IAC") for failure to question Juror 4 about being a victim of a burglary during voir dire is unexhausted. The parties agree that Claim 3 is otherwise exhausted.

    - Claim 6.B alleging prosecutorial misconduct based on violating the court's order is unexhausted. The parties agree that Claim 6 is otherwise exhausted.

1

- Claim 8 alleging cumulative guilt-phase error is unexhausted to the extent it cumulates errors not previously presented to the state court.

- Claim 14.C alleging counsel's failure to request admonitions or curative instructions is unexhausted. The parties agree that Claim 14 is otherwise exhausted.

- Claim 17.C alleging prejudicial misconduct by Juror 30 is unexhausted. The parties agree that Claim 17 is otherwise exhausted.

- Claim 19 alleging cumulative penalty-phase error is unexhausted to the extent it cumulates errors not previously presented to the state court.

- Claim 23.B is unexhausted alleging the delay in California's death penalty system renders his sentence unconstitutional. The parties agree that Claim 23 is otherwise exhausted.

- Claim 24.D.1 alleging that the death verdict is disproportionate in light of Bennett's background and characteristics is unexhausted; Claim 24.G alleging that political considerations dominate the death penalty review process is unexhausted; and Claim 24.I, alleging the penalty-phase jury instructions violated Bennett's rights is unexhausted. The parties agree that Claim 24 is otherwise exhausted.

## DISAGREEMENT ON EXHAUSTION ISSUES

The parties agree that claim 2 is exhausted, with the exception of Claim 2.E. The parties submit their respective positions on the exhaustion status of Claim 2.E.

## A.     Respondent's Position

Bennett has not exhausted Claim 2.E. He has alleged "General allegations of prosecutorial misconduct," but states he is unaware of facts to support the allegations. He claims he wants to reserve his right to amend the petition if he discovers new evidence to support the allegations. He makes general and vague claims that the prosecutor committed prejudicial misconduct but does not support the claims with any factual or legal support. However, Bennett cannot assert exhaustion by assembling various factual assertions under

2

a general due process umbrella untethered to a specific legal claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). "[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court." *Id.* at p. 163; *see also Aredondo v. Neven*, 763 F.3d 1122, 1138 (9th Cir. 2014) ["To fairly present a federal claim, a state prisoner must present to the state courts both the operative facts and the federal legal theories that animate the claim]".)

**B.    Petitioner's Position**

The exhaustion requirement is satisfied if the petitioner has fairly presented the substance of his federal habeas claim to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). The issue is "whether any of petitioner's claims is so clearly distinct from the claims he has already presented to the state courts that it may fairly be said that the state courts have had no opportunity to pass on the claim." *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972). "Exhaustion . . . does not require that a 'habeas petitioner . . . present to the state courts *every piece of evidence* supporting his federal claims in order to satisfy the exhaustion requirement.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (emphasis in original) (internal citations omitted). A petitioner need "only provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Id.*

The presentation of supplemental evidence in federal court does not render a claim unexhausted unless it "fundamentally alter[s] the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). For new evidence to render a claim unexhausted, the evidence must place the claim "in a significantly different and stronger evidentiary posture than it was when the state courts considered it." *Aiken v. Spalding*, 841 F.2d 881, 883 (9th Cir. 1988).

Sub claim 2.E alleges general allegations of prosecutorial misconduct. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Kyles v. Whitley,* 514 U.S. 419, 433 (1995); *Giglio v. United States*, 405 U.S. 150, 154 (1972); U.S. Const. Amends. IV, V, VI, VIII, XIV.

3

The state habeas petition in California Supreme Court Case No. S159540 (hereafter "SHP") alleged that the facts presented in support of Bennett's claim that the State withheld material, exculpatory evidence were among others to be presented after full discovery, adequate funding, access to the Court's processes including subpoena power and other means of discovery and an evidentiary hearing. (SHP at 14.) Thus, the general allegations in Bennett's federal petition mirror this language and preserve Bennett's right to amend the allegations with additional allegations of misconduct, should he become aware of facts supporting them. Because the general allegations are substantially similar to language in the initial state habeas petition, this sub claim has fairly been presented to the state court. Moreover, the arguments contained in Claim 2.E are exhausted because they do not fundamentally change the nature of the claim alleged in the state habeas petition, which broadly asserted Bennett's sentence of death was rendered in violation of his rights to due process of law. (SHP at 13-14.)

Respectfully submitted,

HILARY POTASHNER
Federal Public Defender

DATED: September 25, 2019        By /s/ Saivandana Peterson
_____

SAIVANDANA PETERSON
LAUREN COLLINS
Deputy Federal Public Defenders
*Attorneys for Petitioner*

XAVIER BECERRA
Attorney General of California
HOLLY WILKENS
Supervising Deputy Attorney General

DATED: September 25, 2019        By /s/ Annie Featherman Fraser
_____

ANNIE FEATHERMAN FRASER
Deputy Attorney General
*Attorneys for Respondent*

4